**NOT FOR PUBLICATION**

**FILED**

JUN 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50420 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-00603-BEN |
| v. | |
| CRISTOBAL FIGUEROA-MAGANA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted June 22, 2015[**]

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Cristobal Figueroa-Magana appeals from the district court's judgment and

challenges the 18-month custodial sentence and three-year term of supervised

release imposed following his guilty-plea conviction for fraud and misuse of visas,

permits, and other entry documents, in violation of 18 U.S.C. § 1546.   We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Figueroa-Magana contends that the three-year term of supervised release is substantively unreasonable in light of his circumstances and U.S.S.G. § 5D1.1(c). The district court did not abuse its discretion. *See United States v. Valdavinos-Torres*, 704 F.3d 679, 692 (9th Cir. 2012). The term is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Figueroa-Magana's significant criminal history. *See* U.S.S.G. § 5D1.1 cmt. n.5; *Valdavinos-Torres*, 704 F.3d at 692-93.

Figueroa-Magana next contends that the government breached the plea agreement by recommending a term of supervised release. We review for plain error, *see United States v. Whitney,* 673 F.3d 965, 970 (9th Cir. 2012), and find none. Figueroa-Magana has not shown a breach because the plea agreement advised him that a term of supervised release was one of the statutory penalties for his offense, and the agreement was silent regarding whether the government could recommend a term of supervised release. *See United States v. Franco-Lopez,* 312 F.3d 984, 989 (9th Cir. 2002) (construing plea agreement based on what the defendant reasonably believed to be its terms at the time of the plea).

**AFFIRMED.**

14-50420